Michael McConnell
Texas Bar I.D. 13447300
michael.mcconnell@kellyhart.com
Nancy Ribaudo
Texas Bar I.D. 24026066
nancy.ribaudo@kellyhart.com
Katherine T. Hopkins
Texas Bar I.D. 24070737
katherine.hopkins@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: 817/332-2500
Telecopy: 817/878-9774

*Proposed Counsel for Debtors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SOVRANO, LLC, | § | CASE NO. 19-40067-11 |
| MR. GATTI'S, LP, | § | CASE NO. 19-40069-11 |
| GATTI'S GREAT PIZZA, INC., | § | CASE NO. 19-40070-11 |
| GIGI'S CUPCAKES, LLC, | § | CASE NO. 19-40072-11 |
| GIGI'S OPERATING, LLC, | § | CASE NO. 19-40073-11 |
| GIGI'S OPERATING II, LLC,[1] | § | CASE NO. 19-40074-11 |
| | § | |
| Debtors. | § | **(Joint Administration Requested)** |
| | § | |
| _____ | § | **Emergency Hearing Requested** |

## CHECKLIST PERTAINING TO MOTION TO USE CASH COLLATERAL

Sovrano, LLC, Mr. Gatti's L.P., Gatti's Great Pizza, Inc., Gigi's Cupcakes, LLC and Gigi's Operating, LLC (each a "**Debtor**" and collectively, the "**Debtors**") hereby file this Checklist pertaining to the *Joint Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Use Cash Collateral of Equity Bank, (II) Granting Adequate Protection,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sovrano, LLC (1470); Mr. Gatti's, LP (0879); Gatti's Great Pizza, Inc. (6061); Gigi's Cupcakes, LLC (8356); Gigi's Operating, LLC (0621); and Gigi's Operating II, LLC (8396).

*(III) Modifying the Automatic Stay, and (IV) Setting a Final Hearing* (the "Motion") [Docket No. 6] filed in each of their respective bankruptcy cases:

## Certificate by Counsel

This is to certify that the following checklist fully responds to the Court's inquiry concerning material terms of the motion and/or proposed order:

**1. Identification of Proceeding:**

| | |
|---|---|
| (a) Preliminary or final motion/order | *Preliminary* |
| (b) Continuing use of cash collateral (§ 363) | *Yes* |
| (c) New financing (§ 364) | *No* |
| (d) Combination of §§ 363 and 364 financing | *No* |
| (e) Emergency hearing (immediate and irreparable harm) | *Yes* |

**2. Stipulations:**

| | |
|---|---|
| (a) Brief history of debtor's businesses and status of debtor's prior relationships with lender. | *Various debtors have pre-petition secured loans with Equity Bank* |
| (b) Brief statement of purpose and necessity of financing: | *Cash Collateral needed for operations* |
| (c) Brief statement of type of financing (i.e.) accounts receivable, inventory) | *N/A* |
| (d) Are lender's pre-petition security interest(s) and liens deemed valid, fully perfected and non-avoidable? | *Yes* |
| (i) Are there provisions to allow for objections to above? | *Yes within Challenge Period* |
| (e) Is there a post-petition financing agreement between lender and debtor? | *No* |
| (i) If so, is agreement attached? | *N/A* |
| (f) If there is an agreement, are lender's post-petition security interests and liens deemed valid, fully perfected and non-avoidable? | *N/A* |
| (g) Is lender under secured or oversecured? (circle one) | *Unknown* |
| (h) Has lender's non-cash collateral been appraised? Insert date of latest appraisal. | *No* |
| (i) Is debtor's proposed budget attached? | *Yes* |

| | |
|---|---|
| (j) Are all pre-petition loan documents identified? | *Yes* |
| (k) Are pre-petition liens on single or multiple assets? | *Multiple* |
| (l) Are there pre-petition guaranties of debt | *Yes* |
|    (i) Limited or unlimited? | *Limited as to Gatti's; Unlimited as to Gigi's* |

### 3. Grant of Liens:

| | |
|---|---|
| (a) Do post-petition liens secure pre-petition debts? | *Yes* |
| (b) Is there cross-collaterization? | *Yes* |
| (c) Is the priority of post-petition liens equal to or higher than existing liens? | *Yes* |
| (d) Do post-petition liens have retroactive effect? | *No* |
| (e) Are there restrictions on granting further liens or liens of equal or higher priority? | *Yes* |
| (f) Is lender given liens on claims under §§ 506(c), 544-50 and §§ 522? | *No* |
|    (i) Are lender's attorney's fees to be paid? | *Yes if bank is oversecured* |
|    (ii) Are debtor's attorney's fees excepted from § 506(c)? | *Yes, partially* |
| (g) Is lender given liens upon proceeds of causes of action under §§ 544, 547, and 548? | *No* |

### 4. Administrative Priority Claims:

| | |
|---|---|
| (a) Is lender given an administrative priority? | *Yes* |
| (b) Is administrative priority higher than § 507(a)? | *Yes* |
| (c) Is there a conversion of pre-petition secured claim to post-petition administrative claim by virtue of use of existing collateral? | *No* |

### 5. Adequate Protection (§ 361):

| | |
|---|---|
| (a) Is there post-petition debt service? | *No* |
| (b) Is there a replacement/additional §361(1) lien? | *Yes* |
| (c) Is the lender's claim given super-priority? | *Yes* |
|    (i) § 364(c) or (d)) | |
| (d) Are there guaranties? | *Yes, prepetition* |
| (e) Is there adequate insurance coverage? | *Yes* |
| (f) Other? | *No* |

### 6. Waiver/Release Claims v. Lender:

| | |
|---|---|
| (a) Debtor waives or releases claims against lender, including, but not limited to, claims under §§ 506(c), 544-550, 552, and 553 of the Code? | *Yes* |
| (b) Does the debtor waive defenses to claim or liens of lender? | *Yes* |

**7. Source of Post-Petition Financing:**

| | |
|---|---|
| (a) Is the proposed lender also the pre-petition lender? | *N/A* |
| (b) New post-petition lender? | *N/A* |
| (c) Is the lender an insider? | *N/A* |

**8. Modification of Stay:**

| | |
|---|---|
| (a) Is any modified lift of stay allowed? | *Yes, limited ¶19* |
| (b) Will the automatic stay be lifted to permit lender to exercise self-help upon default without further order? | *No* |
| (c) Are there any other remedies exercisable without further order of court? | *No* |
| (d) Is there a provision that any future modification of order shall not affect status of debtor's post-petition obligations to lender? | *Yes* |

**9. Creditors' Committee:**

| | |
|---|---|
| (a) Has creditors' committee been appointed? | *No* |
| (b) Does creditors' committee approve of proposed financing? | *N/A* |

**10. Restrictions on Parties in Interest:**

| | |
|---|---|
| (a) Is a plan proponent restricted in any manner, concerning modification of lender's rights, liens and/or causes? | *Yes* |
| (b) Is the debtor prohibited from seeking to enjoin the lender in pursuit of rights? | *Yes* |
| (c) Is any party in interest prohibited from seeking to modify this order? | *Yes* |
| (d) Is the entry of any order conditioned upon payment of debt to lender? | *No* |
| (e) Is the order binding on subsequent trustee on conversion? | *Yes* |

**11. Nunc Pro Tunc:**

| | |
|---|---|
| (a) Does any provision have retroactive effect? | *No* |

**12. Notice and Other Procedures:**

| | |
|---|---|
| (a) Is shortened notice requested? | *Yes* |
| (b) Is notice requested to shortened list? | *Yes* |
| (c) Is time to respond to be shortened? | *Interim Only* |

| | |
|---|---|
| (d) If final order sought, have 15 days elapsed since service of motion pursuant to Rule 4001(b)(2)? | *N/A* |
| (e) If preliminary order sought, is cash collateral necessary to avoid immediate and irreparable harm to the estate pending a final hearing? | *Yes* |
| (f) Is a Certificate of Conference included? | *No* |
| (g) Is a Certificate of Service included? | *Yes* |
| (h) Is there verification of transmittal to U.S. Trustee included pursuant to Rule 9034? | *Yes* |
| (i) Has an agreement been reached subsequent to filing motion? | *No* |
|    (i) If so, has notice of the agreement been served pursuant to Rule 4001(d)(1)? | *N/A* |
|    (ii) Is the agreement in settlement of motion pursuant to Rule 4001(d)(4)? | *N/A* |
|    (iii) Does the motion afford reasonable notice of material provisions of agreement pursuant to Rule 4001(d)(4)? | *N/A* |
|    (iv) Does the motion provide for opportunity for hearing pursuant to Rule 9014? | *Yes* |

Respectfully submitted,

By: */s/ Michael A. McConnell*
Michael A. McConnell
Texas Bar I.D. 13447300
michael.mcconnell@kellyhart.com
Nancy Ribaudo
Texas Bar I.D. 24026066
nancy.ribaudo@kellyhart.com
Katherine T. Hopkins
Texas Bar I.D. 24070737
katherine.hopkins@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: 817/332-2500
Telecopy: 817/878-9774

*Proposed Counsel for Debtors*

2832678_1